IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNION PACIFIC RAILROAD            *
COMPANY
                                  *
V.                                      CIVIL NO. SKG-08-2685
                                  *
THE BALTIMORE AND ANNAPOLIS
RAILROAD COMPANY d/b/a CAROLINA *
SOUTHERN RAILROAD COMPANY
                                  *


<u>MEMORANDUM OPINION</u>

　　　Plaintiff brings this action to recover unpaid car hire charges incurred by defendant under the Association of American Railroads' Car Hire Service and Car Hire Agreement ("AAR Circular No. OT-10"). (Paper No. 1, 1-2). The Court has jurisdiction over this action under 29 U.S.C. § 1337(a), the Interstate Commerce Act, 49 U.S.C. § 10101, and 49 U.S.C. § 11704(c)(1).[1]

　　　This case has been referred to the undersigned magistrate judge by consent of the parties pursuant to 28 U.S.C. § 636(c) and Local Rule 301. (Paper No. 23). Currently pending before this Court are:

---

[1] Although the Surface Transportation Board ("STB") has primary jurisdiction over disputes such as this one under 49 U.S.C. §§ 10501(b) and 11704(c)(1), the parties have waived any such jurisdictional claim by failing to assert it. <u>See</u> <u>CSX Trans., Inc. v. Trans.-Comm'ns Int'l Union</u>, 413 F. Supp. 2d 553, 564-65 (D. Md. 2006) (commenting that parties may waive the right to assert the STB's primary jurisdiction over a matter by failing to timely raise the issue).

1

- Plaintiff's Motion for Summary Judgment (Paper No. 21);

- Defendant's Motion to Withdraw Admissions (Paper No. 24); and

- Plaintiff's Motion for Discovery and/or to Allow Depositions and for Sanctions (Paper No. 30).

Plaintiff raises two alternative arguments in support of its motion for summary judgment: (1) that it is entitled to summary judgment on the basis of material facts deemed admitted as a result of defendant's failure to timely respond to Plaintiff's Requests for Admission (Paper No. 21-1, 1); or (2) that it is entitled to summary judgment on the basis of AAR Circular No. OT-10, under which defendant owes plaintiff car hire charges, as defendant has submitted no evidence to the contrary (Paper No. 21-1, 7-8).  Defendant moves to withdraw its admissions and to replace them with its late responses.  (Paper No. 24).  Finally, plaintiff asks the Court to allow it to conduct depositions, despite expiration of the time for discovery, because defendant failed to timely disclose material facts and documents in the discovery process.  (Paper No. 30, 1-3).  The matters are fully briefed.  No hearing is necessary. Local Rule 105.6.

For the reasons below, the Court GRANTS Defendant's Motion to Withdraw Admissions, GRANTS Plaintiff's Motion for Summary Judgment, and DENIES as moot Plaintiff's Motion for Discovery

2

and/or to Allow Depositions.

I.    BACKGROUND

    The parties to this case are both railroad companies and
subscribe to AAR Circular No. OT-10, an industry agreement that
governs compensation rates and procedures for car hire charges
and collection thereof.  (Paper No. 21-1, 7-8; Paper No. 25, 2).
The AAR Circular has been adopted as part of the STB's
regulations.  49 C.F.R. § 1033.1(C)(2)(ii).  Plaintiff owns rail
freight cars, which it leases to other railroads for use on
their own rail lines.  (Paper No. 21-2, 2-3).  Defendant leased
plaintiff's freight cars and used them on its rail lines.
(Id.).  In accordance with AAR Circular No. OT-10 and industry
practice, defendant kept an account of its use of plaintiff's
cars, and remitted its accounting reports to Railinc.  (Paper
No. 21-2, 2-3; Paper No. 26, 5-6).  Railinc then forwarded the
information to plaintiff, which invoiced defendant.  (Id.).  The
parties agree that, between August 2007 and May 2008, defendant
incurred car hire charges of $71,774.30.  (Paper No. 21-1, 8-9;
Paper No. 25, 2).

    On October 14, 2008, plaintiff filed a Complaint against
defendant, alleging nonpayment of car hire charges.  (Paper No.
1).  When defendant failed to timely file an answer, plaintiff
moved for default judgment on December 18, 2008.  (Paper No. 7).
After the Court denied plaintiff's motion, (Paper No. 14),

plaintiff amended its complaint to update the amount due, (Paper No. 15) and defendant answered on February 20, 2009 (Paper No. 16).

On March 16, 2009, plaintiff served defendant with a Request for Admissions (Paper No. 24, 1).  Although the parties were in frequent contact regarding discovery deadlines, defendant provided its responses to plaintiff's request for admissions on May 13, 2009, approximately one month after responses were due and discovery had closed.  (Id.; Paper No. 28, 1-2).

On July 10, 2009, plaintiff moved for summary judgment, relying in part on admissions of material fact deemed admitted by operation of law as a result of defendant's failure to timely respond to plaintiff's Requests for Admission.  (Paper No. 21-1, 3-4).  On July 28, 2009, defendant responded to plaintiff's motion for summary judgment and moved to withdraw and replace its admissions.  (Paper No. 24; Paper No. 25).

On September 22, 2009, plaintiff filed a Motion for Discovery and/or to Allow Depositions and for Sanctions, requesting permission to conduct depositions after the close of discovery.  (Paper No. 30).

II.   MOTION TO WITHDRAW ADMISSIONS

Under Fed. R. Civ. P. 36(a)(3), a party's failure to respond to a request for admission within 30 days of service

4

will result in admission by default.  Defendant responded to plaintiff's Request for Admissions approximately one month late, and plaintiff now requests summary judgment on the basis of the default admissions.  (Paper No. 24, 1; Paper No. 28, 1-2). Defendant moves to withdraw its default admissions, and to replace them with its late-filed admissions.  (Paper No. 24; Paper No. 25).  Plaintiff opposes defendant's request, claiming that strict application of Rule 36 is justified here, as defendant's "continual lethargy" and "foot-dragging" constitute prejudice against plaintiff.  (Paper No. 28, 3).

While the Court has broad discretion concerning the withdrawal of admissions that have been made by operation of Rule 36, it hesitates to allow such default admissions to serve as the basis for summary judgment.  Under Fed. R. Civ. P. 36(b), the Court may allow withdrawal of admissions when (1) "it would promote the presentation of the merits of the action"; and (2) "the court is not persuaded that it would prejudice the requesting party in maintaining his action or defense on the merits."  Both prongs of this test are met here.

First, although default admissions can form the basis for granting summary judgment, "'[i]t does not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline is missed.'"  U.S. v. Turk, 139 F.R.D. 615, 617-18 (D.

5

Md. 1991).  See also Donovan v. Porter, 584 F. Supp. 202, 208

(D. Md. 1984) (commenting that it is within the court's

discretion to allow untimely answers to requests for admissions,

particularly where summary judgment is involved).  Here,

granting defendant's request to withdraw its default admissions

will enable the Court to decide the case on its merits.

    Second, a party may withdraw its admissions only in the

absence of prejudice to the requesting party.  Fed. R. Civ. P.

36(b).  The "prejudice" element of this rule does not

contemplate mere delay or inconvenience, but rather "the

prejudice stemming from reliance on the binding effect of the

admissions."  8A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2264

(2d ed. 1994); see also Kress v. Food Employers Labor Rel.

Ass'n, 285 F. Supp. 2d 678, 681 (D. Md. 2003)(granting a motion

to withdraw default admissions and to supplement with a five

month late response where no prejudice stemmed from "reliance on

the binding effect of the admission").  Defendant's "continual

lethargy" and "foot-dragging" do not rise to the level of

prejudice contemplated by the Rule and do not outweigh

defendant's entitlement to consideration of its case on the

merits.  Therefore, the Court GRANTS defendant's Motion to

Withdraw Admissions.

III. MOTION FOR SUMMARY JUDGMENT

    A.   Standard for Summary Judgment

A moving party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must initially show "the absence of a genuine issue as to any material fact." Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). The burden then shifts to the non-moving party to "establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Haavistola v. Cmty. Fire Co. of Rising Sun, 6 F.3d 211, 214 (4th Cir. 1993).

To survive summary judgment, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," and may not rest upon the "bald assertions of [its] pleadings." Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (holding that a non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts").

A court must view the evidence in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587. Further, the role of the Court at this stage is not to "weigh the

7

evidence and determine the truth of the matter," but rather to determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be resolved in favor of either party." Anderson v. Liberty Lobby, 477 U.S. 242, 249-50 (1986). Credibility determinations are also reserved exclusively for the trier of fact. See id. at 255.

    B.   Discussion

    The parties agree that defendant incurred car hire charges of $71,774.30. (Paper No. 21-1, 8-9; Paper No. 25, 2). Simply put, the parties dispute whether defendant was entitled to certain discounts on the car hire charges it incurred. However, defendant has not introduced sufficient evidence of its entitlement to such discounts to create an issue of material fact.

    First, defendant claims that it has an agreement with CSX Transportation ("CSX") that entitles defendant to a discount for the first 48 hours plaintiff's cars are on defendant's tracks. (Paper No. 25, 2). Plaintiff responds that such an agreement does not exist and, even if it did, the agreement would still not relieve defendant of its obligation to pay the car hire charges it incurred. (Paper No. 26, 2-3).

    On summary judgment, the Court must view the evidence in the light most favorable to the non-moving party—here,

defendant.  Matsushita, 475 U.S. at 587.  However, the non-
moving party must provide evidence to support its contentions,
and cannot simply rest on the "bald assertions of [its]
pleadings."  Id. at 586.  Defendant has not established the
existence of an agreement with CSX beyond mere statements that
such an agreement exists "[u]pon good information and belief."
(E.g., Paper No. 25-2, 1).  Such statements are insufficient to
alone establish a material fact.  See, e.g., Automatic Radio
Mfg. Co. v. Hazeltine Res., Inc., 339 U.S. 827, 831 (1950)
(noting that an affidavit based on information and belief does
not satisfy Rule 56(e)), overruled on other grounds, Lear, Inc.
v. Adkins, 395 U.S. 653 (1969); Ambling Mgmt. Co. v. Univ. View
P'rs, LLC, 581 F. Supp. 2d 706, 720 (D. Md. 2008) (granting
summary judgment where the non-moving party supported its claims
only with statements "upon information and belief," and did not
provide any facts in support thereof); Malina v. Balt. Gas &
Elec. Co., 18 F. Supp. 2d 596, 604 & n.4 (D. Md. 1998)
(explaining that statements based on "information and belief"
are inadmissible and therefore cannot alone justify denial of
summary judgment); 10B WRIGHT, MILLER & KANE, FEDERAL PRACTICE &
PROCEDURE § 2738 (2009) (commenting that "statements made 'on
information and belief'" are insufficient support for a summary
judgment motion or opposition thereto).

Therefore, in the absence of evidence of an agreement that

would entitle defendant to a discount on car hire charges for the first 48 hours cars are on defendant's tracks, there is no material issue that would preclude summary judgment on this point.[2]

Next, Defendant claims that it is entitled to a $28,008.08 reduction in car hire charges to account for time when the leased cars were derailed.  (Paper No. 25, 2).  Plaintiff responds that AAR Circular No. OT-10 requires that an equipment user pay all car hire charges incurred, and then recover any excess paid through a reclaim process that accounts for such things as derailed cars.  (Paper No. 26, 4 (citing AAR Circular No. OT-10, Rule 7E)).

AAR Circular OT-10 Rule 7 states that "[c]ar hire shall be paid to the car owner and recovered by reclaim," and Rule 12 emphasizes that "settlements of amounts accruing for the use of cars shall be made monthly without regard to reclaims pending. . . ."  Defendant agrees that it is a party to the AAR Circular

---

[2] Even if defendant had established that a CSX agreement existed, that agreement, as a matter of law, would not relieve defendant of its obligation to pay plaintiff the car hire charges incurred under AAR Circular No. OT-10. Indeed, under both AAR Circular No. OT-10 and general contract principles, defendant's contract with CSX, to which plaintiff is not a party, cannot relieve defendant of its obligations to plaintiff under the AAR Agreement. See AAR Circular No. OT-10, Rule 11, interpretive note 2 (commenting that a "road" cannot "decline a time claim by referencing an agreement that is made with a party that is not the owner . . . [t]hird party agreements do not relieve an equipment user from its obligations with the equipment owner as defined in the car hire rules"); Holzman v. Fiola Blum, Inc., 125 Md. App. 602, 726 A.2d 818 (1999) (holding that, under contract law, an obligee cannot be discharged from his or her obligation under a contract by the mere existence of another contract, absent explicit novation of the first contract).

and is bound by its terms, and has introduced no evidence to create a material dispute as to the interpretation of the terms of that agreement.  (See Paper No. 25).  Because the plain terms AAR Circular No. OT-10 entitle plaintiff to the full amount of car hire charges incurred by defendant "without regard to reclaims pending," and defendant has produced no specific facts to establish a genuine issue for trial, summary judgment is appropriate.

In addition to principal, plaintiff requests costs, "accrued interest," and attorney's fees.  (Paper No. 15, 3). Plaintiff, as the prevailing party in this action, is entitled to recover its costs, Fed. R. Civ. P. 54(d)(1), and to an award of post-judgment interest at the legal rate, 28 U.S.C. § 1961.[3] The Court will also award plaintiff pre-judgment interest and attorney's fees, as discussed below.

Where the right to interest is not otherwise established by statute or contract, pre-judgment interest may be granted at the discretion of the court.  City of Milwaukee v. Cement Div., Nat'l Gypsum Co., 515 U.S. 189, 194 (1995).  Pre-judgment interest is intended to ensure full compensation for an injured party, including compensation for "the loss of use money due as damages from the time the claim accrues until judgment is

---

[3] The legal rate of interest for the relevant period, calculated in accordance with 28 U.S.C. § 1961(a), is 0.36%.

entered." Id. at 195-96 & n.7 (quoting West Virginia v. United
States, 479 U.S. 305, 310-11 n.2 (1987)).  Unlike post-judgment
interest, which is limited to a nominal rate by statute, the
rate of pre-judgment interest is within the Court's discretion.
See, e.g., Gruber v. UNUM Life Ins. Co. of Am., 195 F. Supp. 2d
711, 720 (D. Md. 2002) (citing E.E.O.C. v. Liggett & Myers,
Inc., 690 F. 2d 1072, 1074 (4th Cir. 1982) and Fed. Savings &
Loan Ins. Corp. v. Quality Inns, Inc., 876 F.2d 353, 359 (4th
Cir. 1989) in recognizing the Maryland legal rate of 6% per
annum to be reasonable and granting pre-judgment interest at
that rate).  Therefore, because the amount due here is
liquidated and agreed to, CSX Trans., Inc., 413 F. Supp. 2d at
572, the Court will award plaintiff pre-judgment interest at the
rate of 6% per annum.

Finally, plaintiff seeks award of attorneys' fees in this
matter.  In the absence of a statutory or contractual provision
addressing attorney's fees, the Court has discretion to award
such fees in "exceptional circumstances" where a party has
"acted in bad faith, vexatiously, wantonly, or for oppressive
reasons."  Alyeska Pipeline Co. v. Wilderness Soc., 412 U.S.
240, 257-59 (1975); see also 10 Wright, Miller & Kane, Federal Practice
& Procedure § 2675 (2009) (commenting that, absent statutory or
contractual provision, attorney's fees should be awarded "only
in exceptional cases and for dominating reasons of justice").

12

Simple "negligence, frivolity, or improvidence" does not justify an award of attorney's fees.  Med. Legal Consulting Serv., Inc. v. Covarrubias, 648 F. Supp. 153, 159 (D. Md. 1986).  Rather, to form the basis for an award of attorney's fees, the offending conduct must encompass an intent to delay or harass.  Id. at 159-60.  Of course, under Fed. R. Civ. P. 11, the Court may also order defense counsel to show cause why his conduct does not violate 11(b).

Here, defendant has prolonged this case by failing to respond to plaintiff's initial complaint until plaintiff filed a motion for default judgment, and has perpetuated futile discovery during which plaintiff sought the alleged agreement on which a substantial portion of defendant's defense was grounded, but which defendant only recently conceded it cannot produce. The remainder of defendant's defense was based on an apparent failure to read the plain language of AAR Circular No. OT-10. In line with the obdurate conduct contemplated by the Alyeska standard, this conduct may justify an award of all reasonable attorney's fees to plaintiff.  See, e.g., 10 Wright, Miller & Kane, Federal Practice & Procedure § 2675 (commenting that "[g]ross negligence of obdurate conduct during the course of an action by [] defendant . . . can support a finding of bad faith and justify an award of attorney's fees"); Thonen v. Jenkins, 517 F.2d 3, 6-7 (4th Cir. 1975) (affirming award of attorney's fees

on the basis of "obdurate obstinacy" where defendants
"continually blocked all avenues of compromise and fully
litigated every detail . . . despite a weak case on the merits,
and failed on numerous occasions to cooperate with plaintiffs'
counsel and the court"); City Bank of Honolulu v. Rivera Davila,
438 F.2d 1367, 1371 (1st Cir. 1971) (awarding $15,000 in
attorney's fees on the basis of defendant's "obstinacy" where he
"greatly and unnecessarily prolonged the trial by injecting
irrelevancies, by refusing to admit facts patently true, and by
making statements and later contradicting himself").  Similarly,
this conduct may justify an award under Rule 11 of all
reasonable attorneys' fees associated with plaintiff's filing of
summary judgment motion.  Accordingly, the Court orders Mr.
Oliveri to show cause why an award of reasonable attorneys' fees
against him should not be made for his opposition to plaintiff's
motion for summary judgment.  It appears to the Court that
defendant had no defense under existing law or any nonfrivolous
argument for extension of the law and no adequate evidentiary
support for its factual contentions under the law, but continued
to defend the case to delay entry of judgment.

IV.  MOTION FOR DISCOVERY AND/OR TO ALLOW DEPOSITIONS AND FOR
     SANCTIONS

     Because the Court has granted plaintiff's motion for
summary judgment, plaintiff's Motion for Discovery and/or to

Allow Depositions and for Sanctions is moot and, as such, is DENIED.

V.    <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS defendant's Motion to Withdraw Admissions, GRANTS plaintiff's Motion for Summary Judgment, and DENIES as moot plaintiff's Motion for Discovery and/or to Allow Depositions and for Sanctions.


Date: <u>10/27/09</u>                    <u>            /s/            </u>
                                         Susan K. Gauvey
                                         United States Magistrate Judge