IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED PACIFIC RAILROAD        *
COMPANY
                               *
      V.
                               *   CIVIL NO. SKG-08-2685

THE BALTIMORE AND ANNAPOLIS
RAILROAD COMPANY d/b/a CAROLINA *
SOUTHERN RAILROAD COMPANY
                               *

MEMORANDUM OPINION

        In a Memorandum Opinion dated October 27, 2009, the Court

entered summary judgment against the defendant in the entire

amount of the demand and ordered defense counsel to SHOW CAUSE by

November 12, 2009, why he had not violated Fed. R. Civ. P. 11(b)

by his continued opposition to plaintiff's claim, including his

opposition to the motion for summary judgment in the absence of

any legal or factual basis for doing so.

        The Court has received Defense Counsel's Response to Order

to Show Cause and finds that he has failed to show cause why Fed.

R. Civ. P. 11(b)(2) and (3) was not violated.  Despite having

some nine months to locate an interchange agreement which

defendant claims controlled its business arrangement with

plaintiff, defendant failed to do so, but continued to assert a

defense based on that phantom agreement.  As set forth in the

Court's Memorandum Opinion of October 27, 2009, the law is clear

that a defense based on conclusory beliefs as to the existence of

a contract is unavailing.  Once the defendant could not locate

and produce the agreement in the very reasonable time frame of

the litigation schedule, the defendant had the obligation to concede the defense as it was without a basis.  Defendant's continued opposition resulted in a wholly unnecessary expenditure of costs to plaintiff.

In the Response to Show Cause (Paper No. 36), defendant attempts to expand the argument it made in its summary judgment papers as to the $28,008.08 "derailed car" portion of the $79,602.14 total claim. Defendant has not moved the Court to reconsider its ruling based on the new argument,[1] but rather raises it as an indication of the merit of its opposition. First, of course, it was not timely raised and, second, it also appears without merit.  In its response to Order to Show Cause (Paper No. 36), defendant argues (for the first time) that the derailment claims were only "verified" claims, not "pending" claims.  Accordingly, defendant asserts deductions for these derailed car amounts are not prohibited under the Rules. However, defendant did not make this argument in its opposition to the motion for summary judgment.  Rather, in its opposition defendant merely declared that "there is a genuine dispute of a material fact as plaintiff has chosen to pursue the full car hire charges from the defendant rather than discount the appropriate car hire charges as prescribed by the Car Hire Rules of the AAR." (Paper No. 25, 2).

However, defendant does not by affidavit identify any

---

[1]Such a motion would have had to be filed within 10 days of the ruling.  Moreover, the exhibit which purports to support this argument is not in admissible form.

material dispute as to fact.  Indeed the parties agree that

$28,008.08 of the $79,602.14 amount of plaintiff's claim relates

to the "derailed cars."  Nor does the defendant argue by citation

to a particular rule of the Car Hire Rules of the AAR why a

discount is mandated.  Now for the first time in its response to

the Order to Show Cause, the defendant asserts that the derailed

car "claims" are "verified" and not "pending" somehow bringing

them outside the reclaim provisions of Rule 12.  However,

defendant provided neither factual nor legal support for the

"verified"/"pending" distinction under the Rules, now, or at the

summary judgment stage.  The Court appreciates that the

defendant's opposition to its liability for the $28,008.14

derailed car charges is separate from its opposition to the

$51,594 liability based on the interchange agreement.  However,

in its opposition on this point, defendant did not substantiate

any dispute as to material fact nor provide any legal authority

under Rules of the AAR.  In short, this defense to $28,008 of the

plaintiff's demand as presented in the opposition was not

supported by fact or legal argument.

Accordingly, this situation appears to fall squarely within

Fed. R. Civ. P. 11(b)(2) and (3), that is, defendant's factual

contentions lack evidentiary support and further their defenses

were not warranted by existing law.  An award of attorneys' fees

is thus appropriate.

Having reviewed counsel's Petition for Attorneys' Fees

(Paper No. 38), the Court finds the fees reasonable.  The hourly

rates are reasonable and in line with the Court's hourly rate guidelines.  See Appendix B, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases of the Local Rules (D. Md.). While the affidavit did not indicate the years of experience of the attorneys who worked on the motion, the Guidelines provide for a presumptive hourly rate between $150-190 for lawyers admitted to the bar less than five years, and $225-300 for lawyers admitted between 9 and 14 years.  The Court shall take judicial notice of the fact that Ms. Brush was admitted in 1998, Mr. Robinson in 2002 and Mr. Wallor in 1997, making their charged hourly rates within the guidelines.

Second, from review of billing documents, it is apparent that billing judgment was exercised in hours charged, reducing the attorneys' fees.

Third, the total number of hours - 59.1 including the time of local counsel, devoted to the summary judgment briefing appears reasonable to the task and product.

For all these reasons, the Court awards attorneys' fees in the amount of $7,089.29 to the plaintiff to be paid by defendant's counsel and its client jointly and severally on or before January 15, 2010.  Counsel apparently continued to press the defense of the interchange agreement based on the client's insistence that it would be found.  Defense counsel certainly should have advised his client that representations on "information and belief" cannot defeat summary judgment. However, the Court shall leave to counsel and client who should

pay the sanction.  Both are liable.  As to the assertion of the derailed car discount in the absence of factual or legal support, this would appear to be a failure of counsel.  But again, the Court shall leave to counsel and client who should pay the sanction, as the client's role in pursuit of this discount in this case in the absence of factual or legal support is unclear. In awarding this sanction, the Court does not intend to besmirch the reputation of counsel, but to maintain and hopefully enhance the goal of the rules of procedure and the civil justice system: "the just, speedy and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

It is so ORDERED this __17th__ day of December, 2009.


___/s/_____
Susan K. Gauvey
United States Magistrate Judge